IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:14-cv-24137-JLK

**TELESTRATA, LLC, a Colorado limited liability
company, individually and derivatively on behalf
of the shareholders of NetTALK.com, Inc., a Florida
corporation,**

    **Plaintiff,**

v.

**NETTALK.COM, INC., a Florida corporation,
ANASTASIOS "TAKIS" KYRIAKIDES,
STEVEN HEALY, ANASTASIOS "NICK"
KYRIAKIDES II, KENNETH HOSFELD,
GARRY PAXINOS, KYRIAKIDES
INVESTMENTS, LTD., a Florida limited liability
partnership, SHADRON STASTNEY, and
ANGELA ILISIE,**

    **Defendants.**

_____

## MOTION TO DISMISS PURSUANT TO F.R.C.P. 23.1

Defendants NetTalk.com, Inc., a publicly traded company ("NetTalk" or the "Company"), Anastasios "Takis" Kyriakides ("Takis Kyriakides"), Steven Healy, Anastasios "Nick" Kyriakides II ("Nick Kyriakides"), Kenneth Hosfeld, Garry Paxinos, Kyriakides Investments, Ltd., Shadron Stastney, and Angela Ilise (collectively, the "Defendants"), upon the accompanying affidavit of Anastasios "Takis" Kyriakides, by and through their undersigned counsel, Sichenzia Ross Friedman Ference LLP, move pursuant to F.R.C.P. 23.1 to dismiss the Verified Complaint (ECF No. 1) (the "Complaint") filed herein by Plaintiff, Telestrata, LLC ("Telestrata" or "Plaintiff").

## **PRELIMINARY STATEMENT**

Without any demand on NetTalk's Board, as required by Florida law, Telestrata filed the Complaint riddled with conflicting derivative and direct claims, and showing its antagonistic posture towards NetTalk's other shareholders. Indeed, the derivative claims herein are nothing more than Telestrata's attempt to hold the Company hostage to get satisfaction for its direct claims.

Egregiously, the relief sought from this Court for the derivative claims (i.e. the termination or restraint of NetTalk's corporate officers) is nearly identical to what Telestrata tried to accomplish through the corporate action of its affiliated former NetTalk Board members, Samer Bishay (also NetTalk's former president), Nadir Al-jazrawi, and Maged Bishara (the "Telestrata Directors"). The Telestrata Directors were, however, removed from NetTalk's Board by a majority vote of NetTalk's shareholders, plainly showing that NetTalk's shareholders do not support this action and that Telestrata is unfit to represent them.

The Court should also take note of Telestrata's history with NetTalk. Specifically, shortly after the breakdown of NetTalk and Telestrata's relationship and after the shareholders had voted to remove the Telestrata Directors, Samer Bishay, Telestrata's member, placed an unauthorized mortgage on NetTalk's real property, and without authority or cause temporarily froze its bank accounts. These actions, affirmatively show Telestrata's intent to harm NetTalk to get satisfaction for its alleged claims.

Indeed, given the Complaint as pled, NetTalk's shareholder's removal of the Telestrata Directors, Telestrata's harmful and vicious actions, which are plainly inimical to NetTalk's shareholders, Telestrata is without question an inadequate derivative class plaintiff.

## STATEMENT OF FACTS

The Court is respectfully referred to the Affidavit of Anastasios "Takis" Kyriakides [hereinafter the "Takis Aff."] for a full recitation of the relevant facts concerning Telestrata's fitness to fairly represent NetTalk's shareholders in a derivative action as required by Fed. R. Civ. P. 23.1.[1]  The facts, as stated by Telestrata in the Complaint are set forth below.

### *Plaintiff Claims NetTalk Directors Breached their Duty to the Company*

Plaintiff was first issued shares of NetTalk on March 11, 2014.  (See Compl. ¶ 25.) Plaintiff alleges that about two months prior to its investment, the Company executed employment agreements with Co-Defendants Takis Kyriakides, Nick Kyriakides, Garry Paxinos, and Kenneth Hosfeld.  (See id. ¶ 32.)  Plaintiff contends a similar contract was executed with Steven Healy on February 2, 2014 (the foregoing agreements are collectively referred to herein as the "Employment Agreements.")  (See id. ¶ 39.)  Plaintiff avers that these employment contracts should be declared void because they were the product of self-dealing.  (See id. ¶¶ 108-116.)

Plaintiff next contends that on August 21, 2014, NetTalk entered into a convertible promissory note with JMJ Financial in the aggregate principal amount of $500,000 (the "JMJ Note"), which agreement was allegedly not reviewed by NetTalk's Board of Directors.  (See id. ¶¶ 44, 46.)  Telestrata alleges that NetTalk also entered into a securities purchase agreement with KBM Worldwide pursuant to which the Company issued an 8% convertible promissory note (the "KBM Contract").  (See id. ¶ 45.)  Like the JMJ Note, Plaintiff claims the KBM Contract was not reviewed by NetTalk's Board, nor were either of these transactions discussed with Samer Bishay, NetTalk's former Director and President.  (See id. ¶¶ 46-47.)

---

[1] Capitalized terms herein without definition take the meaning given to them in the Takis Aff.

Lastly, Plaintiff claims that Takis Kyriakides, allegedly without board approval, engaged in an insider transaction with a wholly-owned company Phoenix Vitae Holdings, LLC to acquire a $3,000,000 secured promissory note.  (See Compl. ¶ 54.)  Plaintiff contends that Defendant Healy conspired with Takis Kyriakides to obtain this debt owed to a third-party, Vicis Capital, and then to negotiate multiple cash investments and loans into NetTalk for the purpose of indirectly compensating Takis Kyriakides to NetTalk's detriment (the "Vicis Capital Transaction").  (See Compl. ¶ 56.)

*Plaintiff Gives No Notice to the Board of Its Derivative Claims*

For the purported purpose of suspending Takis Kyriakides and Steven Healy in their capacity as officers, Plaintiff alleges that on October 16, 2014 the Telestrata Directors sent letters to them, which notices allegedly "identified the unauthorized transactions, stated that the transactions and debt contracts were unknown to the Board and had not been approved by the Board."  (See Compl. ¶¶ 66-67.)

Plaintiff further alleges that on October 29, 2014, the Telestrata Directors held an alleged special meeting of the Board of Directors.  (See id. 81.)   Despite admitting that only the Telestrata Directors were at this alleged meeting (i.e. 3 of 6 directors), Plaintiff claims a quorum of the Board was present.  (See id. at ¶¶ 81-82).   Telestrata claims that at this meeting the Telestrata Directors adopted a resolution terminating Takis Kyriakides and Steven Healy as officers for good cause.  (See id. ¶ 84.)  The Telestrata Directors allegedly delivered the resolution to NetTalk's corporate officers and sent letters to Takis Kyriakides and Steve Healy. (See id. at 85.)  According to the Complaint, any further demand on the Board would be futile. (See id. ¶ 89.)

*Telestrata Records an Unauthorized Mortgage on NetTalk's Property*

Telestrata alleges that pursuant to a promissory note, NetTalk agreed to grant a security interest in real property it owns, located at Lot 12, Block 3 of Sunshine State Industrial Park, Section One according to the Plat thereof, and recorded in Plat Book 76, Page 75 of the Public Records of Miami-Dade County (the "Property"). (See id. ¶¶ 20, 59.)   Plaintiff claims, citing a breakdown in the relationship between the Telestrata Directors and NetTalk, that Samer Bishay's former status as President of NetTalk and the aforementioned promissory note gave him the authority to execute and record a mortgage on the Property.  (See Compl. ¶¶ 78-80.)  On October 24, 2014, Telestrata, by its member Samer Bishay, and in NetTalk's name, executed and recorded such a mortgage on the Property.  (See Compl. ¶ 78.)

## PROCEDURAL HISTORY

Plaintiff filed its Complaint on November 5, 2014.  In the Complaint, Plaintiff alleges both derivative and direct claims.  The derivative claims are for a Preliminary and Permanent injunction against Defendants NetTalk, Takis Kyriakides and Steven Healy; Breach of Fiduciary Duty against Takis Kyriakides, Steven Healy, Kenneth Hosfeld, Nick Kyriakides, and Garry Paxinos; and a Declaratory Judgment against NetTalk, Takis Kyriakides, Kenneth Hosfeld, Nick Kyriakides, Steven Healy, and Garry Paxinos.

Plaintiff brings direct claims for a Declaratory Judgment against all Defendants; an Accounting against the Company;  Breach of Contract against the Company; for the Imposition of an Equitable Lien against the Company; fraud in the Inducement Against the Company, Takis Kyriakides, Kenneth Hosfeld, Steve Healy, and Shadron Stastney; and for Conspiracy against all Defendants.

## ARGUMENT

### A. The Court Should Dismiss the Derivative Claims in the Complaint Because Telestrata Failed to Make a Demand on the Board Pursuant to Florida Statute 607.07401

Plaintiff's failure to make a demand on NetTalk's Board mandates dismissal of the derivative claims asserted in this case. Fed. R. Civ. P. 23.1(b) requires that a plaintiff filing a derivative action, as here, must:

> (1) allege that the plaintiff was a shareholder or member at the time of the transaction complained of, or that the plaintiff's share or membership later devolved on it by operation of law … and (3) state with particularity: (A) any effort by the plaintiff to obtain the desired action from the directors or comparable authority and, if necessary, from the shareholders or members; and (B) the reasons for not obtaining the action or not making the effort."

Notwithstanding Rule 23.1, it is well settled that the law of the state of incorporation governs whether the demand requirement in a derivative action has been met. See Noah Techs., Inc. v. Rice, 2:14-cv-325-FtM-29DNF, 2014 U.S. Dist. LEXIS 161548, at * 9 (M.D. Fla. Nov. 18, 2014) (citing Kamen v. Kemper Fin. Servs., 500 U.S. 90, 108-09, 111 S.Ct. 1711 (1991). Because NetTalk is indisputably a corporation formed pursuant to the laws of the state of Florida (see Compl. ¶ 5), Florida law controls the Court's inquiry into whether Telestrata has sufficiently alleged a demand on NetTalk's Board.

Florida law requires that a Plaintiff filing a derivative action make a demand on the board of directors prior to filing such an action, as follows:

> A complaint in a proceeding brought in the right of a corporation must be verified and allege ***with particularity*** the demand made to obtain action by the board of directors and that the demand was ***refused or ignored by the board of directors for a period of at least 90 days*** from the first demand unless, prior to the expiration of the 90 days, the person was notified in writing that the corporation rejected the demand, or unless irreparable injury to the

>corporation would result by waiting for the expiration of the 90-
>day period …

Fla Stat. § 607.07401(2) (emphasis added).  There is no futility exception under Florida law to the demand requirement.  Rather, "[f]ailure to make the required demand is an ***absolute bar*** to filing a derivative action against a Florida Corporation." Noah Techs., 2014 U.S. Dist. LEXIS 161548, at * 9 (citing Kamen, 500 U.S. at 102 n. 7 (stating Florida has adopted a universal demand rule)) (emphasis added).[2]

At bar, Plaintiff alleges that the Telestrata Directors gave notice to Takis Kyriakides and Steve Healy on October 16, 2014 for the purported purpose of suspending them as officers of NetTalk.  (See Compl. ¶¶ 66-67.)  Plaintiff further alleges that the Telestrata Directors adopted a resolution terminating Takis Kyriakides and Steven Healy, and delivered this resolution to them on October 29, 2014. (See id. ¶¶ 81-85, 89.)  Plaintiff admits that directors Takis Kyriakides, Kenneth Hosfeld, and Dr. George Gabb were not present at this meeting. (See Compl. ¶ 82.)

Plaintiff has not pled that they made a demand on NetTalk's Board or even that the foregoing communications constituted such a demand.  Plaintiff has also failed to plead that these communications originated from shareholder Telestrata, as opposed to NetTalk's former directors Samer Bishay, Nadir Al-jazrawi, and Maged Bishara.  Notwithstanding, Plaintiff has failed to plead, other than in a conclusory fashion, the contents of these notices.  As such, Plaintiff has not pled any demand – never mind a demand required under Rule 23.1 – ***with particularity***, i.e. it has not (because it cannot) allege that it made a demand on NetTalk's Board to remedy its grievances regarding the Employment Agreements, JMJ Note, KMB Contract, or

---

[2] Plaintiff has made the conclusory allegation that any further demand on the Board would be futile.  (See Compl. ¶ 89.)  As stated, however, Florida does not have the futility exception to making a demand on a board of directors before filing a derivative action.  The Court should, therefore, disregard this allegation.

Vicis Capital Transaction, which agreements form the basis of Plaintiff's derivative claims in this action.

Second, even if the October 16 and 29, 2014 communications to NetTalk could somehow be considered demands on the Board (***which they should not***), they are deficient because Plaintiff did not wait a period of at least 90 days after making these alleged demands and before filing this action. This action was filed on November 5, 2014, a mere 20 days after the October 16, 2014 communication and a mere 6 days after the October 29, 2014 communication. Moreover, Plaintiff has not pled with particularity either that NetTalk's Board rejected its demands in writing or that filing this action without a demand on the Board was necessary to prevent irreparable harm to the Company.[3]  See Fla. Stat. 607.07401(2).

Accordingly, Plaintiff has failed to allege a demand in compliance with Florida law and has failed to comply with the pleading requirements of Fed R. Civ. P. 23.1 and Fla. Stat. 607.07401(2) and the Court must dismiss the derivative claims alleged in this action.

### B. Plaintiff Does not Fairly and Adequately Represent the Interests of NetTalk's Shareholders

Even if the Court determines that Telestrata made an adequate demand on the Board, it should nonetheless, dismiss the derivative claims in this action because Telestrata's interest is inimical to the other shareholders of NetTalk. Under Fed R. Civ. P. 23.1, the Plaintiff in a derivative action must fairly and adequately represent the shareholders or members who are

---

[3] While Plaintiff has, in a conclusory fashion, alleged that irreparable harm to NetTalk would occur without a preliminary injunction against NetTalk, Takis Kyriakides and Steven Healy (see Compl. ¶¶ 95-96), this does not amount to an allegation that it filed this action without waiting the statutorily required 90 days to prevent irreparable harm to the Company. Additionally, Plaintiff has acted inconsistently with its allegation that NetTalk, Takis Kyriakides and Steven Healy are causing irreparable harm to NetTalk. Plaintiff has been content to file this Complaint, but has made no attempt to procure its preliminary injunction by order to show cause, or otherwise.

similarly situated in enforcing the right of the corporation or association. See Fed R. Civ. P. § 23.1. "Whether a particular plaintiff will fairly and adequately represent the interests of other similarly situated shareholders … turns upon the total facts and circumstances of each case." Rothenberg v. Security Management Co., Inc., 667 F.2d 958, 961 (11th Cir. 1982). Some of the factors courts consider when making this determination are "(1) indications that Plaintiff is not the true party in interest … (2) the plaintiff's unfamiliarity with the litigation and unwillingness to learn about the suit … (3) the degree of control exercised by the attorneys over the litigation … (4) the degree of support received by Plaintiff from other shareholders … ; and (5) the lack of any personal commitment to the action on the part of the representative plaintiff." Id. In making its determination the Court may consider facts extrinsic to those pled in the Complaint. See Quantum Tech. Partners II, L.P. v. Altman Browning & Co., 08-CV-376-BR, 2009 U.S. Dist. LEXIS 53672, at * 17 (D. Or. Jun. 24, 2009) (citing Davis v. Comed, Inc., 619 F.2d 588, 593 (6th Cir. 1980) and Blum v. Morgan Guar. Trust Co. of N.Y., 539 F.2d 1388, 1391 (5th Cir. 1976)).

The requirement that a plaintiff "fairly and adequately" represent the shareholders pursuant to Fed R. Civ. P. 23.1(a) is designed to ensure that a stockholder bringing a derivative suit derived from the corporation's interest will assume strict fiduciary responsibilities." Noah Techs., 2014 U.S. Dist. LEXIS 161548, at *10 (M.D. Fla. Nov. 18, 2014) (quoting First Am. Bank & Trust v. Frogel, 726 F. Supp. 1292, 1297 (S.D. Fla. 1989). A plaintiff's assertion of direct claims against a defendant corporation, which are inimical to the company vitiates that plaintiff's ability to honor its "fiduciary obligations as a derivative plaintiff acting on the corporation's behalf." Frogel, 726 F.Supp. at 1297. In this vein, Courts have held that a plaintiff cannot maintain direct and derivative claims in the same action. See Noah Techs., 2014 U.S.

Dist. LEXIS, at *10; see also Sosna v. Iowa, 419 U.S. 393, 403, 95 S. Ct. 553 (1975) (interpreting Fed. R. Civ. P. 23 to mean a plaintiff cannot represent the class where her interests conflict with the class she purports to represent). Indeed, for the Court to determine that Plaintiff adequately represents NetTalk's shareholders, it must first look into whether it has interests antagonistic to the other NetTalk shareholders, which it purports to represent. See Noah Techs., 2014 U.S. Dist. LEXIS 161548. at * 10 (citing Griffin v. Carlin, 55 F.2d 1516, 1532 (11th Cir. 1985)); Rothenberg, 667 F.2d at 963 (holding where a plaintiff originally brought a suit for her own personal benefit the lower court did not abuse its discretion in finding her an improper plaintiff); see also Shamrock Assoc. v. Horizon Corp., 632 F. Supp. 566, 570-71 (S.D.N.Y. 1986) ("[t]he crucial question … under Rule 23.1 is whether some antagonism or conflict of interest between … unaffiliated shareholders [which plaintiff] seeks to represent renders [it] an inadequate derivative class representative.").

As the Complaint reads now, it at best shows Telestrata's antagonism and conflict with NetTalk's other shareholders. See Noah Techs., 2014 U.S. Dist. LEXIS, at *10. In reality, as evidenced below, the derivative claims pled in the Complaint are simply a means for Telestrata to hold NetTalk's Board hostage as it attempts to leverage a more favorable resolution to its direct claims. Telestrata is, therefore, an improper derivative class plaintiff.

Plaintiff cannot represent NetTalk's shareholders because a majority of NetTalk's shareholders voted to remove the Telestrata Directors from the Board for trying to effect the same remedies they now seek in the complaint through corporate action. (See Takis Aff. ¶ 5.) After disputes between Telestrata and NetTalk arose regarding executing and recording a mortgage on NetTalk's Property, the Telestrata Directors attempted to terminate Takis Kryiakides and Steven Healy in their capacity as officers of NetTalk. (See Compl. ¶¶ 65-89;

Takis Aff. ¶ 3.)  This created a divide between the 3 Telestrata Directors and NetTalk's other directors.  The Board was, therefore, unable to form a quorum or hold a vote.  (See Takis Aff. ¶¶ 3-4.); see also Fla. Stat. § 607.0824 ("unless the articles of incorporation or bylaws require a different number, a quorum of a board of directors consists of a majority of the number of directors prescribed by the articles of incorporation or the bylaws.")   To end the deadlock, on October 16, 2014, pursuant to Fla. Stat. 607.0704, NetTalk's shareholders voted to remove the Telestrata Directors from the Board.  (See Takis Aff. ¶ 5, Exh. A; Compl. ¶ 73.)  Shortly thereafter, on November 26, 2014, NetTalk's Board consisting of Kenneth Hosfeld, Dr. George Gabb, and Takis Kyriakides voted to remove Samer Bishay from his former position as NetTalk's president.  (See Takis Aff. ¶ 7, Exh. C.)  The shareholders have thus definitively spoken on whether or not Telestrata is an adequate representative of their corporate interests.  By voting the Telestrata Directors off NetTalk's Board, they have conclusively determined that Telestrata is not an adequate representative of their corporate interests and the Court should not substitute its judgment for the judgment of the shareholders.

  Notwithstanding, Telestrata's actions (through Samer Bishay) show that Telestrata has (and will) always put its own interests above NetTalk's interest, even to the detriment of NetTalk.  See Zarowitz v. BankAmerica Corp., 866 F.2d 1164, 1166 (9th Cir. 1989) (stating plaintiff's interest in the derivative suit was dwarfed by his personal interest in private ligation against defendant and so he was not an adequate representative); Renz v. Carota, 87-CV-487, 1991 U.S. Dist. LEXIS 11998, at *9 -10 (N.D.N.Y. Aug. 26, 1991) (stating ulterior motives should be considered in determining plaintiff's adequacy as a representative for the shareholders).

For example, on October 23, 2014, Mr. Bishay, without NetTalk's authorization, and in NetTalk's name, executed and recorded a mortgage on NetTalk's property. (Compare Takis Aff. ¶ 14 with Compl. 59-64). This was particularly egregious because NetTalk's Board, ***including the Telestrata Directors***, agreed in the Resolution dated September 2, 2014 that Steven Healy was authorized to record this mortgage on the Property (Compare Compl. 79 with Takis Aff. ¶¶ 15-16, Exh. F.) The Resolution did not authorize Samer Bishay to execute and record a mortgage on the Property. (See Takis Aff. Exh. F.)

In another example, on or about November 12, 2014, Samer Bishay sent a fallacious letter to Bank of Montreal, N.A. and Citibank N.A. (the "Banks"), where NetTalk maintains its operating accounts. (See Takis Aff. ¶8, Exh. D.) In the letters, Samer Bishay claimed that Takis Kyriakides and Steven Healy had been suspended as officers of NetTalk. (See id. ¶ 9.) Due to this letter, the Bank of Montreal froze NetTalk's accounts until November 21, 2014 and NetTalk was unable to effectively operate the Company due to the inability to pay venders or access operating capital. (See Takis Aff. ¶ 10-11.) During the period of the freeze, Samer Bishay had the opportunity to petition the Canadian court to extend its term. (See Takis Aff. ¶ 10, Exh. D.) Mr. Bishay made no such petition. Accordingly, the result (and likely intent) of these letters to the Banks were simply to hold NetTalk hostage. These actions directly contradict Telestrata's claim that it will act in accordance with its fiduciary responsibilities to NetTalk's shareholders as their alleged derivative class plaintiff.

Given this history, the Court should expect Telestrata to prioritize all of its direct claims, over any derivative claim Telestrata purports to bring on behalf of NetTalk's shareholders. Accordingly, the Court should dismiss the derivative claims herein because Telestrata cannot fairly and adequately represent NetTalk's shareholders as required by Fed R. Civ. P. 23.1.

**C. Plaintiff Does not have Standing to Raise Claims based on the Employment Contracts**

Plaintiff alleges that it was first issued NetTalk's shares on March 11, 2014. (See Compl. ¶ 25.) Plaintiff alleges that the employment contracts were executed two months prior to its investment, and at the latest February 2, 2014. (See id. ¶¶ 32, 39.) Both Fed R. Civ. P. 23.1 and Fla Stat. 607.07401, respectively require that a plaintiff in a derivative suit be a shareholder at the time the complained transaction occurred. See Fed R. Civ. P. § 23.1(b)(1); Fla. Stat. § 607.07401(1). Plaintiff, by its own admission, was not a shareholder at the time these contracts were entered into, and so, the Court must dismiss Plaintiff's Third Claim for Relief (Compl. ¶¶ 108-166), which is a derivative claim seeking to declare the Employment Contracts void and unenforceable. (See id.)

## CONCLUSION

For all the foregoing reasons, the Court should grant Defendants' Motion to Dismiss in its entirety and dismiss the Complaint with prejudice.

Dated: New York, New York
       January 14, 2014

                                            Respectfully submitted,

                                            SICHENZIA ROSS FRIEDMAN FERENCE LLP

                              By:       /s/ Matthew P. Canini
                                            Matthew P. Canini, Esq.
                                            (Fla Bar No. 0098306)
                                          61 Broadway, 32nd Floor
                                          New York, New York 10006
                                          (212) 930-9700

                                       *Attorneys for Defendants*