UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 1:14-CV-24137-JLK

TELESTRATA, LLC, a Colorado limited liability company, individually and derivatively on behalf of the shareholders of NetTALK.com, Inc., a Florida corporation,

      Plaintiff,

v.

NETTALK.COM, INC., a Florida corporation,
ANASTASIOS "TAKIS" KYRIAKIDES,
STEVEN HEALY,
ANASTASIOS "NICK" KYRIAKIDES II,
KENNETH HOSFELD,
GARRY PAXINOS,
KYRIAKIDES INVESTMENTS, LTD., a Florida limited partnership,
SHADRON STASTNEY, and
ANGELA ILISIE,

      Defendants.

---

**TEMPORARY RESTRAINING ORDER**

---

THE COURT, having received and reviewed the *Ex Parte* Motion for a Temporary Restraining Order filed by Plaintiff, the affidavit and documents attached thereto, and having reviewed the file and being otherwise advised in the premises, hereby FINDS and ORDERS as follows:

To obtain a temporary restraining order, a party must demonstrate: "(1) [that there is] a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that the entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005); *accord Seigel v. LePore*, 234

1

F.3d 1163, 1176 (11th Cir. 2000) (*en banc*).  The same factors are considered whether deciding a temporary restraining order or a preliminary injunction.  *Schiavo*, 403 F.3d at 1225.  Further, a court may issue a temporary restraining order *without notice* to the adverse parties or their attorneys if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1)(A) and (B).

Here, Plaintiff has established that it is likely to succeed on the merits of its claim for an Accounting in this action and for declaratory relief, to declare that Defendants do not and have not controlled a majority of the outstanding shares of Defendant NetTALK.com, Inc. ("NetTALK" or the "Company") since at least October 14, 2014.

Plaintiff has also established that it will suffer irreparable injury if the Court does not enter injunctive relief *ex parte*, and that any harm that injunctive relief might inflict on Defendants is outweighed by the threatened injury to Plaintiff if injunctive relief is not granted. Specifically, if injunctive relief is not granted *ex parte*, over 700,000,000 new shares of company stock will be created and opened for purchase by the public, and a completely new class of stock with unknown rights and abilities will be created.  Further, Plaintiff's ownership interest in the Company will be significantly diluted to potentially less than 5% ownership in the Company, further permitting Defendants to attempt additional shareholder action pending judgment herein.

Finally, Plaintiff has established that it would serve the public interest to enter a temporary restraining order, at least until an injunction hearing can be conducted.

Plaintiff's counsel, in his affidavit, satisfactorily describes his efforts to confer with counsel for Defendants, noting that he gave prior notice to Defendants' counsel concerning the relief requested here. The Court accepts counsel's argument why further conferral or delay should not be required before entry of an *ex parte* temporary restraining order.

Accordingly, it is **ORDERED, ADJUDGED, and DECREED** as follows:

(1) Defendants, their agents, or employees are hereby **ENJOINED** from filing any Amendment with the Florida Secretary of State concerning any amendment to the Articles of Incorporation of the Company;

(2) Defendants, their agents, or employees are hereby **ENJOINED** from taking any further action relating to the 700,000,000 shares of preferred stock purportedly authorized by majority shareholder action on or about May 29, 2015, including issuing or selling said shares;

(3) Defendants, their agents, or employees are hereby **ENJOINED** from exercising any rights relating to the 114,000,000 shares purportedly issued to themselves in May of 2015, including exercising any voting rights relating to said shares;

(4) Defendants, their agents, or employees are hereby **ENJOINED** from issuing any shares or rights to purchase shares pursuant to the 2015 Employee Incentive Stock Option Plan purportedly created in May of 2015; and

(5) Defendants Takis Kyriakides, Kenneth Hosfeld, Garry Paxinos, or Nick Kyriakides are hereby **ENJOINED** from taking any further actions (either individually or in their capacities as purported executives or directors of the Company) related to issuance,

authorization, sale, or purchase of any further shares of stock in the Company, absent approval by the Court.

This Order is entered at 3:00 pm on this 7th day of July, 2015, and expires at the same time fourteen days from the date of entry, unless before that time the Court extends it or Defendants file a consent to an extension of this Order.

**DONE and ORDERED** in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 7th day of July, 2015.

_____
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

Cc: All counsel of record