UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 1:14-CV-24137-JLK

TELESTRATA, LLC, a Colorado limited liability company, individually and derivatively on behalf of the shareholders of NetTALK.com, Inc., a Florida corporation,

      Plaintiff,

v.

NETTALK.COM, INC., a Florida corporation,
ANASTASIOS "TAKIS" KYRIAKIDES,
STEVEN HEALY,
ANASTASIOS "NICK" KYRIAKIDES II,
KENNETH HOSFELD,
GARRY PAXINOS,
KYRIAKIDES INVESTMENTS, LTD., a Florida limited partnership,
SHADRON STASTNEY, and
ANGELA ILISIE,

      Defendants.

---

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 23.1

THE COURT, having received and reviewed the Motion to Dismiss Pursuant to Fed. R. Civ. P. 23.1 submitted by Defendants (DE 13) ("Motion"), Plaintiff's Response (DE 15) and Defendants' Reply (DE 19) thereto, and having conducted oral argument on the Motion on April 27, 2015, the Court hereby DENIES Defendants' Motion for the reasons set forth below.

A motion to dismiss pursuant to Rule 23.1 sounds as a motion to dismiss for failing to state a claim upon which relief can be granted governed by Rule 12(b)(6). *See e.g. Chrystall v. Serden Technologies*, 913 F. Supp. 2d 1341, 1351 (S.D. Fla. 2012). To survive a Rule 12(b)(6) motion, the complaint must include "enough facts to state a claim to relief that is plausible on its

1

face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The court generally is limited in its review to the "four corners of the complaint," *Speaker v. U.S. Dep't of Health & Human Servs.*, 623 F.3d 1371, 1379 (11th Cir. 2010), and must accept all well-pled factual allegations as true. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). If the complaint's allegations are plausible under the alleged facts, then the court must view them in the light most favorable to the plaintiff. *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010). The Court does not make binding factual determinations in evaluating a motion to dismiss, but rather evaluates whether the allegations and claims in the complaint might suffice given the facts that are pled. *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998).

The Court notes that the Motion only seeks to dismiss the first three claims of Plaintiff's nine-claim Complaint (which are derivative claims for relief pursuant to Fed. R. Civ. P. 23.1), and does not address the remaining six claims for relief.

Defendants' first challenge based upon Florida Revised Statute § 607.07401, seeking dismissal of the derivative claims due to Plaintiff not having first submitted a written demand to NetTALK's Board of Directors and waiting sixty days before commencing them, is denied.

Historically under Florida law, a demand on directors or shareholders need not be made if it would be impractical, unreasonable or useless. *Orlando Orange Groves Co. v. Hale*, 107 Fla. 304, 144 So. 674, 677 (1932). "[D]emand is not necessary if the directors '. . . whether by reason of hostile interest or guilty participation in the wrongs complained of, cannot be expected to institute suit, or, if they do, it is apparent they will not be the proper parties to conduct the litigation.'" *Belcher v. Schilling*, 309 So. 2d 32, 35 (Fla. Dist. Ct. App. 1975)(*quoting Orlando Orange Groves Co.*, 144 So. at 678); *accord First Am. Bank & Trust by Levitt v. Frogel*, 726 F.

Supp. 1292, 1298 (S.D. Fla. 1989)(same). "Under Florida law, the sole exception to this demand requirement is where such a demand 'would be impractical, unreasonable or useless ...'". *In re Mercedes Homes, Inc.*, 431 B.R. 869, 877 (Bankr. S.D. Fla. 2009)(*quoting Belcher v. Schilling*, 309 So.2d 32, 35 (Fla. 3d Dist. Ct. App. 1975)). "Demand on the directors to bring the action, a condition precedent to suit, is excusable where demand obviously would be unavailing." *Conlee Const. Co. v. Cay Const. Co.*, 221 So. 2d 792, 796 (Fla. Dist. Ct. App. 1969)(*citing* 13 Fletcher Cyc. Corporations § 6008 (1961 rev. ed.)).

The Court finds that Plaintiff has sufficiently pled that any demand made to the Board of Directors (or the individuals purporting to act as the Board of Directors) would have been futile under the circumstances alleged in the Verified Complaint.

Secondly, the Court rejects Defendants' argument that the derivative claims should be denied, alleging that Telestrata cannot fairly and adequately represent the interests of other similarly situated shareholders. Under the total facts and circumstances alleged in the Verified Complaint, *see Rothenberg v. Sec. Mgmt. Co.*, 667 F.2d 958, 961 (11th Cir. 1982)(*citing Davis v. Comed, Inc.*, 619 F.2d 588, 593-94 (6th Cir. 1980)), Plaintiff has sufficiently alleged facts to satisfy the *Rothenberg* factors that it is a proper plaintiff for the derivative claims.

Thirdly, based upon the well-pled facts in the Verified Complaint, taken as true and viewed under Florida law, Plaintiff sufficiently alleges it has equitable standing to assert the Third Derivative Claim for Relief for declaratory judgment.

The Court finds that the allegations with respect to the first derivative claim for relief for injunctive relief, set forth at paragraphs 90 to 102 of the Verified Complaint, are well pled, the elements are set forth, and require an answer. The Court further finds that the derivative claim for breach of fiduciary duty, and derivative claim for declaratory judgment, set forth in

3

paragraphs 103 through 116 of the Verified Complaint, are both also well pled and require an answer.

For the reasons set forth above, Defendants' Motion **(DE 13)** is DENIED.

Dated this 9 day of July, 2015.

_____
Hon. James Lawrence King
United States District Judge