UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 1:14-CV-24137-JLK

TELESTRATA, LLC, a Colorado limited liability company, individually and derivatively on behalf of the shareholders of NetTALK.com, Inc., a Florida corporation,

        Plaintiff,

v.

NETTALK.COM, INC., a Florida corporation,
ANASTASIOS "TAKIS" KYRIAKIDES,
STEVEN HEALY,
ANASTASIOS "NICK" KYRIAKIDES II,
KENNETH HOSFELD,
GARRY PAXINOS,
KYRIAKIDES INVESTMENTS, LTD., a Florida limited partnership,
SHADRON STASTNEY, and
ANGELA ILISIE,

        Defendants.

---

### ORDER GRANTING
### FINAL APPROVAL TO SETTLEMENT AGREEMENT
### PURSUANT TO *FED. R. CIV. P.* 23.1(c)

---

This matter came before the Court pursuant to the *Stipulated Joint Motion to Approve Settlement Agreement Pursuant to Fed. R. Civ. P. 23.1(c)* [D.E. 118] (the "Motion"). On November 16, 2017, the Court issued its Order [D.E. 119] (the "Preliminary Approval Order") granting preliminary approval of the Settlement Agreement entered into between Plaintiff, Telestrata, LLC ("Telestrata") and defendants, NetTalk.com, Inc. ("NetTalk"), Anastasios "Takis" Kyriakides ("T. Kyriakides"), Steven Healy ("Healy"), Anastasios "Nick" Kyriakides II ("N. Kyriakides"), Kenneth Hosfeld ("Hosfield"), Garry Paxinos ("Paxinos"), Kyriakides Investments, Ltd., a Florida limited partnership ("Kryiakides Investments"), Shadron Stastney ("Shastney"), and Angela Ilisie ("Ilisie" and together with T. Kyriakides, Healy, N. Kyriakides,

1

Hosfeld, Paxinos, and Shastney, the "Individual Defendants"; NetTalk, Kyriakides Investments, and the Individual Defendants, are referred to collectively as "Defendants"; and Telestrata and Defendants are referred to collectively as the "Parties"), and dated June 29, 2017 (the "Settlement Agreement"). The Preliminary Approval Order required that certain disclosures be made to shareholders for NetTalk, and set a notice/objection schedule and hearing date for any objections to the Settlement Agreement. NetTalk provided the declaration of N. Kyriakides [D.E. 120] indicating that due and adequate notice of the Settlement Agreement was provided as required by the Preliminary Approval Order, and no objections were served within the time allotted. The Court, having considered all papers filed and proceedings held herein and otherwise being fully informed and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. **Procedural and Factual History.**

Plaintiff is a shareholder in NetTalk, a publicly-traded Florida corporation. Telestrata initiated this civil action on November 5, 2014 based upon its allegations that the Individual Defendants, NetTalk's executives and directors, have been engaged in significant acts of self-dealing and attempts to harm the Company for their own personal benefit. Specifically, Plaintiff made derivative claims alleging that the Individual Defendants have withheld corporate information from the Company's shareholders, and have taken actions to prevent the proper and lawful exercise of corporate oversight, by refusing to cede managerial control of the Company to Samer Bishay ("Bishay"), member of Telestrata, pursuant to a March 2014 agreement; by failing to permit three NetTalk Board seats to be occupied by Telestrata's representatives; and by engaging in a series of self-serving actions. Telestrata also asserted direct claims for imposition and validation of its security interest in NetTalk's headquarters (the "NetTalk Property"), which it alleges that NetTalk was supposed to grant as security for Telestrata's $4.5 million loan to

NetTalk in March 2014 (the "Telestrata Mortgage"). Telestrata alleges that the Individual Defendants engaged in a conspiracy to delay and prevent the recording of the Telestrata Mortgage in the real property records, and ultimately sought to exclude Telestrata and its representatives from any corporate action after Telestrata learned the Individual Defendants had been negotiating for additional debt or investment which would also be secured by the NetTalk Property. Plaintiff seeks various types of derivative and direct relief in this action, including expulsion of the CEO and CFO of the company (pursuant to the vote of the non-insider directors of the Board), affirmation of its security interest in the NetTalk Property, and invalidation of various acts by the Defendants to grant themselves additional ownership interest in the company.

Defendants deny any wrongdoing and any liability to Telestrata, and have brought counterclaims against both Telestrata, and the three individual directors appointed by Telestrata (the "Telestrata Directors"). The counterclaims seek to invalidate the Telestrata Mortgage; expel the Telestrata Directors from the NetTalk Board; and obtain damages in tort from the Telestrata Directors for having allegedly interfered with NetTalk's negotiations for new investment and debt.

This Court denied Defendants' Motion to Dismiss on April 27, 2015, and following a three-day evidentiary hearing on August 2-4, 2015, this Court imposed a preliminary injunction on August 19, 2015 against NetTalk and the Defendants [D.E. 69], preventing them from selling further ownership interests or warrants in the Company or otherwise modifying the ownership table of the Company until trial. NetTalk appealed the injunction, and that appeal is currently pending before the United States Court of Appeals for the Eleventh Circuit.

The Parties represented to the Court that they have conducted multiple sets of written discovery, and also conducted multiple depositions in January 2016, prior to this Court's issuing a stay of all proceedings pending determination of the injunction appeal before the Eleventh

Circuit [D.E. 113]. The Parties also represented that they have also engaged in significant extended negotiations through counsel, to seek resolution of the claims in the case.

### 2. Applicable Legal Standards.

Pursuant to *Fed. R. Civ. P.* 23.1(c), a derivative civil action may only be settled and dismissed with the Court's approval. "In order to approve a settlement, a district court must find that the settlement is fair, adequate and reasonable and is not the product of collusion between the parties." *Cotton v. Hinton,* 559 F.2d 1326, 1330 (5th Cir. 1977). In evaluating whether a settlement of a derivative action is fair, the court should examine the following factors: (1) the likelihood of success; (2) the range of possible recovery; (3) the point on or below the range of recovery at which settlement is fair, adequate and reasonable; (4) the complexity, expense and duration of litigation; (5) the substance and amount of opposition to the settlement; and (6) the stage of proceedings at which the settlement was achieved. *Sterling v. Stewart,* 158 F.3d 1199, 1204 (11th Cir. 1998)(*citing Bennett v. Behring Corp.,* 737 F.2d 982, 986 (11th Cir. 1984) (standard for voluntary dismissal upon settlement of class action)).

"Settlements of shareholder derivative actions are particularly favored because such litigation is 'notoriously difficult and unpredictable.'" *Maher v. Zapata Corp.,* 714 F.2d 436, 455 (5th Cir. 1983). A district court may rely upon the judgment of experienced counsel for the parties in determining the fairness and adequacy of the settlement. *Cotton,* 559 F.2d at 1330. Indeed, absent fraud, collusion, or the like, the district court "should be hesitant to substitute its own judgment for that of counsel." *Id.* The trial court should examine the settlement in light of any objections, and provide a reasoned response to those objections. *Id.* at 1331; *Greco v. Ginn Dev. Co., LLC,* 635 Fed. Appx. 628, 632 (11th Cir. 2015) (unpublished) (evaluating factors for settlement of class action litigation).

4

In making these determinations, the district court enjoys wide discretion, and in exercising its discretion, the court should not decide the merits of the action or attempt to substitute its own judgment for that of the parties. *Maher*, 714 F.2d at 455.

### 3. Findings and Conclusions.

Based upon its evaluation of the six *Bennett* factors, the Court finds that the Settlement Agreement is, in all respects, fair, reasonable, and adequate to, and in the best interests of, NetTalk and all shareholders of NetTalk. This Court further finds that the Settlement Agreement attached to the Motion is the result of arms-length negotiations between experienced counsel representing the interest of Telestrata and the Defendants, including NetTalk. There is no evidence of collusion between the parties with respect to the Settlement Agreement.

The distribution of the notice of the settlement to NetTalk's shareholders constituted the best notice practicable under the circumstances, to all persons entitled to such notice, and said notice fully satisfied the requirements of *Fed. R. Civ. P.* 23.1, the requirements of due process, and any other applicable law. The Court did not receive any objections to the Settlement Agreement.

Accordingly, the Settlement Agreement attached to the Motion is hereby approved in all respects pursuant to *Fed. R. Civ. P.* 23.1(c), and shall be consummated in accordance with its terms and provisions. The Parties are hereby directed to perform their respective obligations in accordance with the terms of the Motion. All shareholders of the Company are and shall be bound by all orders, determinations and judgment by this Court in this litigation concerning the Settlement Agreement, whether she, he, or it view it as favorable or unfavorable, including but not limited to all release provisions in the Settlement Agreement.

Neither the Settlement Agreement, nor any of its exhibits, terms or provisions, nor any of the negotiations or proceedings connected with it, shall be deemed, used, or construed as an

admission or concession by the Plaintiff, Defendants, or Counterclaim Defendants (each as defined in the Settlement Agreement), or as evidence of the truth or validity of any allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind.

Within seven days of the date of this Order, the Parties shall submit such necessary stipulation to the United States Court of Appeals for the Eleventh Circuit in order to dismiss the pending appeal, with prejudice, with each party to pay its own costs and fees, pursuant to paragraph 3.4 of the Settlement Agreement.

Within seven days of the issuance of an order from the Eleventh Circuit dismissing that appeal, the Parties shall then submit such necessary stipulation to this Court seeking an Order to dismiss this action, with prejudice, with each party to pay its own costs and fees, pursuant to paragraph 3.4 of the Settlement Agreement. Such stipulation shall also seek an Order from this Court to dismiss the *Notice of Lis Pendens* pending upon the NetTalk Property.

Within twenty-eight days of the date of this Order, the Parties shall consummate and close the transaction contemplated by the Settlement Agreement. This Court shall retain jurisdiction to enforce this Order, including but not limited to this Order that the requirement that the parties must close the transaction, notwithstanding any order which dismisses the claims in this action.

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 9 day of January 2018.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

Cc:   All counsel of record